___

**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS PENSION FUND,**
**WISCONSIN LABORERS APPRENTICESHIP**
**AND TRAINING FUND and JOHN J. SCHMITT**
**(in his capacity as Trustee),**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

**WISCONSIN LABORERS-EMPLOYERS**
**COOPERATION AND EDUCATION TRUST FUND,**

        Plaintiffs,

  v.                                              Case No.  17-cv-1798

**JOHN WHITE FENCE, INC.,**

        Defendant.

___

## COMPLAINT
___

    **NOW COME** the plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens, and as and for a cause of action against the defendants, allege and show to the Court the following:

### Jurisdiction and Venue

    1.    Jurisdiction of this Court upon defendant Rawson Contracting, LLC is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the plaintiffs

are aggrieved by the defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, section 301 of the LMRA and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(c)(2) (29 U.S.C. § 1132(e)(2)) in that Defendant John White Fence, Inc. (hereinafter "Defendant" or "John White") is engaged in business with its principal office located in Kenosha County, Wisconsin.

### Parties

3. Plaintiffs Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, and Wisconsin Laborers Apprenticeship and Training Fund (the "Funds") are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said plans. Said plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532-2514.

4. Plaintiff John Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such, has standing to be a Plaintiff in this action. Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532-2514.

5. Plaintiff Wisconsin Laborers District Council (hereinafter the "Union") is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working

-2-

dues. Said labor organization maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532-2514.

6. Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a board of trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA and prevailing wage laws. Said plan maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532-2514.

7. John White is a domestic corporation, engaged in business, with principal offices located at 8720 184th Avenue, Lot 18, Bristol, Wisconsin 53104. Its registered agent for service of process is John White, 8720 184th Avenue, Lot 18, Bristol, Wisconsin 53104.

**Facts**

8. John White is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

9. For all times relevant, John White was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Wisconsin Laborers District Council (hereinafter the "Unions").

10. The Unions represent, for purposes of collective bargaining, certain John White employees and employees of other employers in industries affecting interstate
-3-

commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

11. The Labor Agreements described herein contain provisions whereby John White agreed to make timely payments to the plaintiffs' trust funds for each employee covered by said Labor Agreements.

12. By execution of said Labor Agreements, John White adopted the trust agreements and amendments thereof which establish and govern the plaintiffs and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

13. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, John White has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

    c. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

d. to adopt and abide by all of the rules and regulations adopted by the trustees of the plaintiffs pursuant to the trust agreements;

e. to adopt and abide by all of the actions of the trustees in administering the plaintiffs in accordance with the trust agreements and the rules so adopted;

f. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

g. to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

14. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, John White has agreed as follows:

   a. John White has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

      i. failing to make continuing and prompt payments to the plaintiffs as required by the Labor Agreements and trust agreements for all of John White's covered employees; and

          ii.     failing to accurately report employee work status to the plaintiffs.

15. ERISA § 502(g)(2), as amended by the MPPAA provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --
 (i) interest on the unpaid contributions, or

 (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

16. ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

17. Despite demands that John White perform its statutory and contractual obligations, the plaintiff Funds have ascertained that said defendant has failed, neglected,

omitted and refused to make those payments. John White is now indebted to the plaintiff Funds as follows:

<u>Audited Period December 1, 2015 through July 31, 2017</u>:

| | |
|---|---:|
| Wisconsin Laborers Pension Fund | $9,094.82 |
| Wisconsin Laborers Health Fund | $9,083.81 |
| Wisconsin Laborers LECET Fund | $64.30 |
| Wisconsin Laborers Apprenticeship & Training Fund | $306.68 |
| Wisconsin Laborers District Council (Dues) | $1,078.66 |

<u>Unaudited Period August 1, 2017 to the Present</u>:

| | |
|---|---:|
| Wisconsin Laborers Pension Fund | Unknown |
| Wisconsin Laborers Health Fund | Unknown |
| Wisconsin Laborers LECET Fund | Unknown |
| Wisconsin Laborers Apprenticeship & Training Fund | Unknown |
| Wisconsin Laborers District Council (Dues) | Unknown |
| Wisconsin Laborers Health HRA | Unknown |

**Claim One - Against Defendant**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132, 1145)**

18. As and for a first claim for relief against Defendant, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 17 above and incorporate the same as though fully set forth herein word for word.

19. For purpose of this claim (Claim One), the Wisconsin Laborers Pension Fund, Wisconsin Laborers Health Fund, and Wisconsin Laborers Apprenticeship & Training Fund are hereinafter referred to as the "Funds."

20. Due demand has been made upon Defendant for payment of all contributions due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

21. Because, as the Funds are informed and believes, Defendant has not made timely and prompt contributions on behalf of all covered employees, the corpus of each

of the Funds' trust funds is reduced, Plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plan have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

22. Because Defendant has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Plaintiff Funds and against Defendant:

    A. For $18,485.31, representing contributions, interest and liquidated damages for the audited period December 1, 2015 through July 31, 2017;

    B. For unpaid contributions, interest and liquidated damages owed to the Funds for the period August 1, 2017 through the date this action was commenced;

    C. For unpaid contributions, interest and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the court deems just and proper.

## Claim Two - Against Defendant
## Violation of LMRA § 301 (29 U.S.C. § 185)

23. As and for a second claim for relief against Defendant, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 22 above and incorporate the same as though fully set forth herein word for word.

24. Due demand has been made upon Defendant for payment of all working dues owed to the Union and for LECET Fund contributions, but said Defendant has refused to pay them, and amounts remain due and owing.

25. Because, as the Union and LECET Fund are informed and believe, Defendant has not paid timely and prompt working dues and LECET Fund contributions on behalf of union members, the Union and LECET Fund incomes are reduced and their members may be forced to pay working dues out of pocket, even though said amounts may have already been deducted from their paychecks by the Defendant. Consequently, LMRA has been violated, and the Union and LECET Fund are entitled to all of the remedies provided by LMRA.

**WHEREFORE**, the Union and LECET Fund demand the following relief:

1. Judgment on behalf of the Union and LECET Fund against Defendant as follows:

   A. For $1,142.96, representing unpaid working dues owed to the Union and contributions, interest, and liquidated damages owed to LECET Fund for the audited period December 1, 2015 through July 31, 2017;

   B. For unpaid working dues owed to the Union and contributions, interest, and liquidated damages owed to LECET Fund for the period August 1, 2017 through the date this action was commenced;

C. For unpaid working dues owed to the Union and contributions, interest, and liquidated damages owed to LECET Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

D. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

Dated this 27th day of December, 2017.

s/Christopher J. Ahrens
Christopher J. Ahrens (SBN: 1043237)
**The Previant Law Firm, S.C.**
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

Attorneys for Plaintiffs